### MARTIN CANTINE CO. v. BLACKFORD et al.

(Circuit Court of Appeals, Second Circuit. February 18, 1920.)

No. 145.

**Judgment ⬸250—Decree in action for improper loading of vessel must conform to pleadings.**

In a suit against stevedores for damage to cargo from leaking of a barge on which it was loaded from the ship, alleged to have been due to improper loading, where the barge is brought in under rule 59 (29 Sup. Ct. xlvii), but both libelant and the barge owner allege that she was seaworthy and in good condition, and there is no allegation or evidence to the contrary, there can be no recovery against the barge, although the evidence fails to show improper loading.

Appeal from the District Court of the United States for the Southern District of New York.

Suit in admiralty by the Martin Cantine Company against Edward Blackford and Anthony Summa, partners as E. Blackford & Co., with

⬸For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the Schoonmaker-Conners Company, Incorporated, impleaded. Decree for respondents, and libelant appeals. Affirmed.

Macklin, Brown, Purdy & Van Wyck, of New York City (Pierre M. Brown, of New York City, of counsel), for appellant.

William P. Maloney, of New York City, for appellee Schoonmaker-Conners Co.

Bullowa & Bullowa, of New York City (Horace L. Cheyney, of New York City, of counsel), for other appellees.

Before WARD, ROGERS, and MANTON, Circuit Judges.

WARD, Circuit Judge. The libel alleged that the libelant purchased from the Perkins-Goodwin Company a shipment of china clay, to be delivered by the steamer Klosterfos, and engaged the barge Leslie R. from the Schoonmaker-Conners Company to receive the same from the steamer. The Perkins-Goodwin Company, or the owners of the steamer, employed the respondents Blackford & Co. to load the clay on the barge. The negligence charged was that the stevedores loaded 300 tons in the stern of the barge against the protest of the master, instead of loading her on an even keel, with the result that she was strained, began to leak, and the cargo was damaged.

The Blackford Company, the stevedores, filed an answer, denying the charge as to the manner in which they loaded the barge, and also brought in Schoonmaker & Co. under the Fifty-Ninth rule (29 Sup. Ct. xlvii), alleging that the damage was caused by them, or by the master of the barge, "in such particulars as your petitioners may be able to show on the trial of this suit." Schoonmaker & Co. filed an answer to the libel and the petition in which they repeated the charge of negligence made in the libel against the stevedores.

At the trial the libelant produced testimony that the barge was tight and in first-class condition and that the damage was caused solely by the improper loading. Schoonmaker & Co. also offered testimony to the same effect. The petitioners offered no evidence to the contrary. Judge Hough found that there was no improper loading and, that being the only charge of negligence in the pleadings or raised at the trial, he dismissed the libel and the petition without prejudice to any claims which the libelant might have against Schoonmaker & Co.

The result is a singular one. If the loading was proper, as found, it would seem to follow that the damage must have been caused by unseaworthiness of the barge. We have no doubt that both these questions could have been raised and disposed of in this case. The value of rule 59 would be greatly impaired if it were not so. The Barnstable, 181 U. S. 464, 21 Sup. Ct. 684, 45 L. Ed. 954. Unfortunately the pleadings did not raise the question of unseaworthiness, and at the trial both the libelant and Schoonmaker & Co. took the ground that the barge was tight and in good condition, while respondents stated nothing to the contrary.

The decree is affirmed.